THE HEIRS OF JOSEFINA CHOISNE ET AL., Plaintiffs and Appellants, v. MUNICIPALITY OF VIEQUES, Defendant and Appellee.

No. O-70-290. Decided March 20, 1972.

*Ramón Mellado González* for appellants. *Gilberto Gierbolini, Solicitor General, Adolfo Negrón Cruz, Assistant Solicitor General,* for appellee.

PER CURIAM: We are dealing in the instant case with a complaint requesting the restitution of certain amount of money, plus the legal interest on the same. The amount of $615.91 was delivered to the Municipality of Vieques by Manuel Mellado Choisne by virtue of the sale of a lot located

at Víctor Duteil Street of the town of Isabel II, Vieques, Puerto Rico.

Manuel Mellado Choisne, as executor of the plaintiff heirs, delivered the money to the Municipality of Vieques on October 17, 1966, without knowing that the aforesaid lot belonged already in fee simple to the heirs he represented; fact which appeared from the entries of the Registry of Property, Humacao Section.

On February 15, 1967, the Heirs of Josefina Choisne filed a complaint in the District Court, requesting the court to order the return of the money unduly delivered to the Municipality of Vieques. Plaintiffs entitled their claim "collection of payment of what is not due."

On June 16, 1969, the District Court, San Juan Part, rendered judgment dismissing the complaint for the restitution of payment of what is not due. In its conclusions of law the trial court concluded that plaintiffs were not entitled to the restitution of the unduly paid $615.91, because the payment was made under an error of law. That is to say, that since the payment was made under an error of law, the quasi-contract of payment of what is not due which compels the return of what was unduly collected, did not arise.

Plaintiffs appealed from that judgment before the Superior Court, which, by judgment of November 5, 1970, affirmed that of the District Court. The Superior Court, in affirming, reiterated the reasoning of the trial court to the effect that the payment was made under an error of law, reason for which there is no right whatsoever for its return.

Plaintiffs appealed to this Court by way of certiorari and they allege that, although they incorrectly entitled their claim "collection of payment of what is not due," the juridical reality is that their claim is not governed by the provisions of the Civil Code which regulate the quasi-contract of payment of what is not due (Civil Code of Puerto Rico, § 1795 *et seq.*). That their claim is governed by § 1227

of the Civil Code of Puerto Rico,[1] because the contract by virtue of which the money was delivered is without consideration; and that according to said section, a contract without consideration has no legal effect whatsoever, for which reason the Municipality of Vieques is under the obligation to return what it unduly received.

Appellants are right in their contention. In pertinent cases we have decided that when a payment not due is made under an error of law, the refund of the amount unduly paid does not lie. *Quiñones* v. *Industrial Commission,* 60 P.R.R. 434 (1942); *Silva* v. *Heirs of Caratini,* 51 P.R.R. 754 (1937). However, in the instant case the delivery of the money was not made under an error of law, that is to say, under an error as to the right to collect it by the person who received it. Here the parties performed acts leading to the execution of a contract of sale. The contract which the parties sought to perfect was without consideration for the vendee, for which reason it never had juridical reality. The parties' rights and obligations arise from the acts performed by both parties. The contract which they sought to execute being without consideration, § 1227 of the Civil Code, which states that contracts without consideration have no effect whatsoever, is applicable to the facts of the instant case.

Analyzing the quasi-contract of the collection of what is not due, Borell y Soler says:

"What is given in the performance of a null contract of obligation without consideration or for immoral or unfair consideration is not due and may be claimed by the person who paid it; *but the quasi-contract under our consideration is the one which takes place when the payment has been made by mistake.* This may consist in that the obligation demanded was false or

---

[1] Section 1227 of the Civil Code of Puerto Rico, 31 L.P.R.A. § 3432, provides:

"Contracts without consideration or with an illicit one have no effect whatsoever. A consideration is illicit when it is contrary to law and good morals."

void, or already extinguished, pending suspensive condition; if payment was made of what was not due or in excess of what was due, if he who paid was not a debtor, or paid to him who was not a creditor, if the alternative was paid as pure, or the generic as specific." (Italics ours.) III Borell y Soler, *Derecho Civil Español* 572.

 We see then that there are two different assumptions, that of the payment made for the performance of a nonexistent contract and that of the payment made by mistake. It should be indicated that although about the payment of what is not due it is commonly said that the payment was made "without consideration," those words in that context have a particular meaning. Discussing the payment of what is not due, Sánchez Román tells us in that respect: "It must be stressed that *payment without consideration* should be understood *with mistaken or erroneous consideration,* and that this mistake must consist in an error of *fact* and not of *law;* because the latter is of no avail to anybody nor does it originate the quasi-contract of *payment of what is not due."* (Italics ours.) IV *Derecho Civil* 1009.

 It should be noted that under the assumption of collection of what is not due there exists consideration, but that said consideration is mistaken or erroneous and there is precisely where the error lies. In the case at bar there is a total lack of consideration for the vendee, for which reason his claim is not governed by the quasi-contract of payment of what is not due.

In regard to the nonexistence of consideration in the contracts, Manresa states:

"There will be an error giving rise to the nonexistence of the consideration, when somebody enters into a contract to acquire things or rights which he did not know that belonged to him fully and undoubtedly or vice versa, to convey to another what already belongs to him. . . ." VIII Manresa, *Código Civil Español* 684.

Since this case does not involve the payment of what is not due and because it is, on the contrary, a payment made by virtue of a nonexisting contract for lack of consideration, the Municipality of Vieques is bound to reimburse to the plaintiff heirs what it received from them without right.

In view of the foregoing reasons, the judgment object of this appeal will be reversed, and in lieu thereof, another will be rendered ordering the Municipality of Vieques to reimburse the amount of $615.91, plus legal interest since the date of the filing of the complaint to the heirs of Josefina Choisne.

Mr. Chief Justice Negrón Fernández took no part in the decision of this case.